**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

TREVALE MCCALL,                    :
                                   :  Civ. No. 18-15395(RMB-JS)
            Plaintiff              :
    v.                             :
                                   :  **OPINION**
CORRECTIONS OFFICER REPICE,        :
                                   :
            Defendant              :
_____:

On January 18, 2019, the Court administratively closed this action until the expiration of Standing Order 18-4, which stayed this matter during the Government shutdown. Standing Order 18-4 has expired. The Court will reopen this matter.

On October 29, 2018, Plaintiff filed this civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Compl., ECF No. 1.) On November 9, 2018, Plaintiff filed an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a). (IFP App., ECF No. 3.) Plaintiff's IFP application establishes his financial eligibility to proceed IFP and will be granted.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim that fails to state a claim upon which relief may be

granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

The allegations in the Complaint, accepted as true solely for the purpose of screening the Complaint, state an Eighth Amendment excessive force claim against Corrections Officer Repice.[1] Accordingly, dismissal of the Bivens claim is not warranted at this time and the action shall proceed.

Plaintiff has also filed a motion for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). (ECF No. 4.) Prior to appointing pro bono counsel, district courts "must consider as a threshold matter the merits of the plaintiff's claim" and appoint counsel only if the claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Based solely upon the facts alleged in the Complaint, accepted as true at this stage of the litigation, the claim may have merit in fact and law.

"If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Tabron, 6 F.3d at 155. Those factors include: (1) the

---

[1] The Court reserves the issue of whether the Complaint raises a Bivens claim in a new context and, therefore, requires a special factors analysis before creating an implied Bivens remedy, pursuant to the Supreme Court decision in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).

2

plaintiff's ability to present his or her case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; (4) whether the case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. Id. at 155-56.

First, the Court will address the difficulty of the legal issue. "Force that is used 'maliciously and sadistically for the very purpose of causing harm' violates the Eighth Amendment." Young v. Martin, 801 F.3d 172, 180 (3d Cir. 2015) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citation and internal quotation marks omitted). "The '[a]pplication of force by ... prison guards exceeding that which is reasonable and necessary under the circumstances' may be actionable." Id. (quoting Davidson v. O'Lone, 752 F.2d 817, 827 (3d Cir. 1984); see also Giles, 571 F.3d at 326 (an officer "may not ... use gratuitous force against an inmate who has been subdued"). This legal issue is not difficult. It simply requires an analysis of whether the force used was reasonable and necessary under all of the circumstances present.

Second, Plaintiff has adequately represented himself at the pleading stage by setting forth the relevant facts and his claim for relief. Third, Factual investigation will be required and the case will likely turn on credibility determinations but expert

3

testimony should not be required and discovery should be straightforward. Therefore, at this early stage of the litigation, the Court declines to appoint pro bono counsel, however, a court may appoint pro bono counsel at any time. Tabron, 6 F.3d at 156-57.

For the reasons discussed above, the Court will grant Plaintiff's IFP application and permit this action to proceed. The Court will deny Plaintiff's motion for appointment of pro bono counsel without prejudice.

An appropriate Order follows.

Date: February 8, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**