**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| TREVALE MCCALL, | : | **CIV. NO. 18-15395 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| CORRECTIONS OFFICER REPICE, | : | |
| Defendant | : | |

**BUMB**, United States District Judge

On October 29, 2018, Plaintiff Trevale McCall, a prisoner formerly confined at the Federal Correctional Institution at Fairton, New Jersey, filed a civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Compl., ECF No. 1.) On February 8, 2019, this Court issued an Opinion and Order, granting Plaintiff's IFP application and permitting his excessive force claim to proceed against Defendant Repice. (Opinion, ECF No. 6; Order, ECF No. 7.) On April 12, 2019, the Court denied without prejudice Plaintiff's motion for an extension of time to serve the summons and complaint on the defendant because the time to effect service had not expired. (Order, ECF No. 10.) Service was due on the defendant on May 9, 2019, pursuant to Federal Rule of Civil Procedure 4(m). (Id.)

Plaintiff has not filed proof of service or taken any other action in this matter.

I. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

A court may *sua sponte* dismiss an action under Rule 41(b) for failure to prosecute. Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010)

When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

A.  Extent of the Party's Personal Responsibility

Plaintiff, as an unrepresented litigant, is solely responsible for prosecuting his civil rights action against the defendant. Plaintiff was required only to return the completed U.S. Marshals Form 285, and the United States Marshals Office would then serve the summons and complaint on the defendant. The Clerk's Office provided Plaintiff with the necessary form. (Transmittal of USM 285 Form, ECF No. 8.)

B.  Prejudice to the Adversary

Plaintiff has not returned a completed U.S. Marshals Form 285 and the defendant have not been served with the complaint.

C.  History of Dilatoriness

Plaintiff has taken only one step in prosecuting this action, filing the complaint.

D.  Whether the Conduct of the Party Was Willful or in Bad Faith

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

E.  Effectiveness of Alternative Sanctions

Dismissal without prejudice is warranted to permit Plaintiff to show good cause for his dilatoriness.

3

F.  The Merits of the Claims or Defenses

The Court has permitted Plaintiff's complaint to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

II. CONCLUSION

For the reasons discussed above, the Court will dismiss this action without prejudice for failure to prosecute.

An appropriate Order follows.

Dated: August 20, 2019

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**